UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHEKETHA HOLMAN §<br>    Plaintiff §<br>V. §<br> §<br>DEPUTY LELAND A. FAIRCHILD, §<br>DEPUTY  DINNIE R. CALHOUN, §<br>DEPUTY RAWLTYN J. HART AND §<br>DEPUTY JOSE J. GONZALEZ §<br>    Defendants § | <br><br><br><br><br>CIVIL ACTION NO. _____<br><br><br> |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, SHEKETHA HOLMAN (hereinafter referred to as "Ms. Holman"), complaining of DEPUTY LELAND A. FAIRCHILD, DEPUTY DINNIE R. CALHOUN, DEPUTY RAWLTYN J. HART, and DEPUTY JOSE J. GONZALEZ, ("Defendants")  and for cause of action would respectfully show unto this Honorable Court as follows:

### I.    NATURE OF THE CASE

1. This is a civil action arising under the United States Constitution, particularly under the provisions of the Due Process Clause and the Fourth Amendment to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code § 1983, seeking damages against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Ms. Holman of rights secured under the Constitution and laws of the United States.[1]

---

[1] Although Plaintiff may refer to Defendants collectively at times, specific factual references are made concerning actions or inactions by specific Defendants throughout this Complaint – these are not global allegations. As such, this pleading complies with current federal standards.  FED. R. CIV. P. 8.

1

## II.  PARTIES

2. Plaintiff, SHEKETHA HOLMAN, is a citizen of the United States and currently resides in Harris County, Texas.

3. Defendant, DEPUTY LELAND A. FAIRCHILD[2], is employed by Harris County Sheriff's office and was acting within the scope of his employment and under color of statutes, ordinances, rules and regulations, customs and usage of Harris County. At the time of the incident, Deputy Fairchild assumed his role as a peace officer. Deputy Fairchild can be served with process by delivering a copy of the summons and complaint at an address to be provided under seal due to his role in law enforcement.

4. Defendant, DEPUTY DINNIE R. CALHOUN[2], is employed by Harris County Sheriff's office and was acting within the scope of his employment and under color of statutes, ordinances, rules and regulations, customs and usage of Harris County. At the time of the incident, Deputy Calhoun assumed his role as a peace officer. Deputy Calhoun can be served with process by delivering a copy of the summons and complaint at an address to be provided under seal due to his role in law enforcement.

5. Defendant, DEPUTY RAWLTYN J. HART[2], is employed by Harris County Sheriff's office and was acting within the scope of his employment and under color of statutes, ordinances, rules and regulations, customs and usage of Harris County. At the time of the incident, Deputy Hart assumed his role as a peace officer. Deputy Hart can be served with process by delivering a copy of the summons and complaint at an address to be provided under seal due to his role in law enforcement.

---

[2] Plaintiff requested, pursuant to Chapter 552 of the Texas Gov't Code, documents that would identify the Harris County deputies involved in Plaintiff's arrest and use of excessive force. Harris County refused to comply. As such, Plaintiff cannot fully identify all the defendants at this time, but believes they have correctly identified at least 4 defendants..

6. Defendant, DEPUTY JOSE J. GONZALES[2], is employed by Harris County Sheriff's office and was acting within the scope of his employment and under color of statutes, ordinances, rules and regulations, customs and usage of Harris County. At the time of the incident, Deputy Gonzales assumed his role as a peace officer. Deputy Gonzales will be served with process by delivering a copy of the summons and complaint at an address to be provided under seal due to his role in law enforcement once his identity is discovered.

### III.   JURISDICTION

7. This action is brought pursuant to 42 U.S.C § 1983, the Due Process Clause and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343. This Court also has supplemental jurisdiction to hear the state claims that will be set forth in this complaint.

### IV.   VENUE

8. Venue is proper in this district under 28 U.S.C. 1391(b) because the acts, events or omissions giving rise to this claim occurred in Harris County, Texas which falls within the United States Court for the Southern District of Texas, Houston Division.

### V.   FACTUAL BACKGROUND

9. On or about November 16, 2016, Ms. Holman received a distressed call from her daughter's boyfriend alerting her that someone was slamming her pregnant daughter against a car at the local Valero filing station on Northborough Road in Houston, Texas. Ms. Holman, who has been using a wheelchair for several years following a back injury, was helped to her car so that she could go to the scene. While on the way to the Valero, Ms. Holman called 911 hoping that the police would protect her daughter from whomever was assaulting her at the gas station.

10. Upon arrival at the Valero, Ms. Holman saw several police cars on the scene, none of which had its emergency lights activated. At this point, Ms. Holman saw that it was the Harris County Sheriff's deputies who were holding her pregnant daughter against the police car for unknown reasons. Several deputies were standing around the area where Ms. Holman parked her car. She attempted to get their attention in order to determine what was going on, however they ignored her. One of the deputies at the gas station was Deputy Calhoun, someone whom Ms. Holman's daughter has had complaints about before and who has a reputation in the area for excessive force.

11. A bystander at the gas station then helped Ms. Holman from her car and into her wheel chair. At this point, Ms. Holman began taking pictures and recording how the deputies were treating Ms. Holman's daughter and the others at the gas station. This enraged the deputies and Deputy Fairchild threatened to arrest Ms. Holman for unknown reasons. Barely a moment later Deputy Calhoun ordered the arrest of Ms. Holman without further explanation.

12. Deputy Fairchild grabbed Ms. Holman's phone and threw it. He then attempted to twist Ms. Holman's arms behind her back. However, due to her size and handicap, this was physically impossible. Ms. Holman told Deputy Fairchild her arm does not bend that direction and that he would have to cuff her hands in front of her body. At this point a Deputy Fairchild tased Ms. Holman, who was unarmed and confined to a wheelchair, in the back. The shock was so powerful that it jolted Ms. Holman from her wheelchair and onto the pavement at the gas station. Ms. Holman felt another charge from the taser once she was already face down on the gas station parking lot. At this point, Deputy Fairchild inexplicably commanded Ms. Holman to get up despite having just watched her be shocked until she was thrown from her wheelchair. Ms. Holman did not get up and the deputies left Ms. Holman on the ground until EMS arrived.

13. While waiting for EMS, deputies searched Ms. Holman's car without consent in what appears to be an attempt to justify the arrest and tasing. During the search, Deputy Hart found Ms. Holman's phone which appeared to still be connected to 911. Deputy Hart expressed concern that they had been recorded by 911, however Deputy Calhoun proclaimed that he "didn't give a damn…these are my streets, I run these streets!" At this point, Deputy Hart either disabled the phone or attempted to disable it.

14. Ms. Holman suffered multiple cuts, abrasions, bruises, and contusions in addition to the wounds and pain created by the taser.

15. Eventually, EMS arrived on scene and the prongs were removed from Ms. Holman's body. Two deputies then gave Ms. Holman the minimal amount of help for her to get herself off of the ground then pushed her into the back of the police car. Ms. Holman was suffering from blurred vision and dizziness at this point, however deputies insisted on taking her to the jail instead of the hospital. Luckily for Ms. Holman, the jail refused to take her and sent her to the hospital where she was treated for extremely high blood sugar and high blood pressure.

16. While at the hospital, Deputies Hart and Calhoun continued to harass and intimidate Ms. Holman. Deputy Calhoun taunted Ms. Holman with phrases such as "I showed you" and "its your word against mine." Deputy Hart stood by Deputy Calhoun and berated her.

17. Eventually, Ms. Holman was released from the hospital and brought back to the jail. Rather than process and book her, she was placed in the hallway. She sat here nearly all of the following day (November 17th) until she was finally booked in. Once booked in she was immediately released on a personal bond.

18. Ultimately, Ms. Holman learned that she had been charged with criminal trespass and resisting arrest. The criminal trespass affidavit asserted that she entered and remained on the

5

property of one Aleish Solesta after having been asked by Aleish Solesta to depart, but refused to do so. This accusation is false as Ms. Holman was never asked by Aleish Solesta or any other Valero employee to leave the property. Moreover, Ms. Holeman did not, in any way, obstruct Deputy Fairchild from effecting her arrest by turning away. Indeed, Ms. Holman was sitting in a wheelchair at the time of her "effective" seizure.

19. Shortly after her release, the District Attorney's office dropped all charges brought against Ms. Holman in connection with her false arrest.

## VI. CAUSES OF ACTION

### A. § 1983 – Excessive Force

20. Plaintiff hereby adopts, incorporates, restates, and re-alleges paragraphs 1 through 18, inclusive, with regard to all causes of action.

21. Plaintiff asserts that Deputies Calhoun, Hart, Fairchild, and Gonzalez used excessive and/or deadly force in the course of the deputies' illegal seizure and arrest of Plaintiff, a free citizen, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiff asserts that she was unlawfully assaulted by Defendants and unlawfully tased. Said actions resulted directly from the use of force that was clearly excessive to the need, and the use of force was objectively unreasonable. To establish that the Defendants violated Plaintiff's constitutional right to be free from excessive force, Plaintiff must show:

    a. An injury;

    b. Which resulted from the use of force that was clearly excessive to the need; and

    c. The excessiveness of which was objectively unreasonable.[3]

22. As stated in the facts section of the complaint, the Plaintiff suffered multiple injuries as a direct result of the Defendants' actions. The Defendants' actions and/or omissions were

---

[3] *See Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2001).

"objectively unreasonable" in light of the facts and circumstances confronting the officer without regard to their underlying intention or motivation. Clearly, the facts and circumstances of this particular incident demonstrates the unreasonableness of said actions, including that Plaintiff was unarmed, bound to a wheel chair, not committing a crime, and posed no threat or danger to the police. For these reasons, it was objectively unreasonable for the Defendants to have assaulted and tased Plaintiff and their actions were clearly excessive to the need.

**B.    § 1983 – Unreasonable Seizure/False Arrest/False Imprisonment**

23.    Plaintiff hereby adopts, incorporates, restates and re-alleges paragraphs 1 through 21, inclusive, with regard to all causes of action.

24.    Ms. Holman asserts that she was unlawfully arrested on November 16, 2016, without probable cause to believe she committed a crime. The Fourth Amendment prohibits the police from carrying out unreasonable seizures. An arrest is a "seizure" under the Fourth Amendment. Under the Fourth Amendment an arrest may only be made when a police officer has probable cause to believe that the person arrested has engaged in criminal conduct. An arrest without probable cause is an unreasonable seizure.

25.    Defendants did not have probable cause to seize and arrest Ms. Holman. Plaintiff was unarmed, bound to a wheel chair, was not physically interfering with the officer's work, and posed no threat to the officers. The facts and circumstances known to the Defendants at the time were not reasonably sufficient to cause a reasonable officer to believe that Plaintiff had committed or was committing a crime, or that she was a threat to officers.

26.	Moreover, Ms. Holman's unlawful, warrantless arrest resulted in her false imprisonment in that Defendants had no lawful right to hold Plaintiff against her will, and transport, and hold her in jail.

## C.     Qualified Immunity Under § 1983

27.	Plaintiff hereby adopts, incorporates, restates and re-alleges paragraphs 1 through 25, inclusive, and with regard to all causes of action.

28.	Defendants were carrying out a governmental function in effectuating the wrongful detention and arrest of the Plaintiff and employing the excessive use of force. Government actors can be entitled to qualified immunity to their individual liability but this immunity is waived if the complainant shows that:

    a. The individual's act deprived the party of constitutional rights under color of law;

    b. The deprived rights were clearly established and constitutional rights which existed at the time of the acts; and

    c. Such acts were not objectively reasonable under the circumstances, that is, no reasonable official could have believed at the time that the conduct was lawful.

29.	In *Kinney v. Weaver*, the Fifth Circuit explain the "clearly established" prong as follows:

> Qualified immunity should not be denied unless the law is clear in the more particularized sense that reasonable officials should be "on notice that their conduct is unlawful." *Saucier v. Katz*, 533 U.S. 194, 206 (2001). The central concept is that of "fair warning": The law can clearly be established "despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights. *See Hope*, 536 U.S. at 740 (internal quotation marks omitted).[4]

30.	In *Newman v. Guedry*, the Fifth Circuit Court addressed whether the law on the use of tasers was clearly established at the time of the event that occurred between Plaintiff and Defendants:

---

[4] *See Kinney v. Weaver,* 367 F.3d 337, 350 (5th Cir. 2004) (en banc).

> Guedry contends that he had no reasonable warning that tasing Newman multiple times violated Newman's constitutional rights, because there was then no binding case law on the appropriate use of tasers. Lawfulness of force, however, does not depend on the precise instrument used to apply it. Qualified immunity will not protect officers who apply excessive and unreasonable force merely because their means of applying it are novel.[5]

31. Here, Plaintiff posed no threat to the deputies and yet she was tased in the back until her body uncontrollably fell to pavement from her wheelchair. Once on the ground she was again tased, while she lay handcuffed, and then left on the pavement as she was mocked for not being able to get up. The actions taken by Defendants was excessive and unreasonable under clearly established law.

32. Moreover, the right to be free from false arrest has been clearly established since at least 1975. Further, no reasonable officer could believe he had probable cause to arrest Ms. Holman as she did not commit trespass or resist arrest. As such, the officers are not entitled to qualified immunity.

33. The acts of the Defendants clearly violated established statutory and constitutional rights of which a reasonable person would have known, including the constitutional rights afforded by the Due Process Clause, and the Fourth Amendment of the United States Constitution.

## VII. DAMAGES

34. Plaintiff hereby adopts, incorporates, and restates and re-alleges paragraphs 1 through 31, inclusive, with regard to all causes of action.

35. As a result of Defendants' statutory and constitutional violations, Plaintiff has suffered serious and substantial damages and injuries.

---

[5] *See Newman v. Guedry,* 703 F.3d 757, 763-64 (5th Cir. 2012).

## VIII. ATTORNEY'S FEES AND COSTS

36. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, Plaintiff asserts the right to an award of attorney's fees and costs under its 42 U.S.C. § 1983 pleadings if she prevail.

## RELIEF REQUESTED

37. The preceding factual statements and allegations are incorporated by reference.

38. For these reasons, Plaintiff prays for judgment against Defendants, any or all of them, for the following:

   a. Actual damages;

   b. Pre-judgment and post-judgment interest;

   c. Punitive and exemplary damages against Defendants in an amount to be determined and as allowed by the Court;

   d. Costs of Court; and

   e. Such other and further relief as the Court deems just and equitable including appropriate.

## JURY DEMAND

39. Plaintiff respectfully demands trial by jury and has tendered the appropriate fee for the same.

## PRAYER

40. WHEREFORE, Plaintiff respectfully requests Defendants be cited to appear and answer herein, and that upon final trial hereof, the Court award the relief against Defendants.

41. Plaintiff further respectfully request that she be afforded all due expediency within the discretion of this Honorable Court to facilitate the preservation of evidence, to demonstrate that

such unconscionable conduct will not be tolerated in a civilized society, and to ensure that justice may be served.

                                                  Respectfully submitted,

**BERNSEN LAW FIRM**

_____

**David E. Bernsen**
SDTX No. 83425
dbernsen@bernsenlaw.com
**Christine L. Stetson**
SDTX No. 17641
cstetson@bernsenlaw.com
**Myles A. Lenz**
SDTX No. 2742527
mlenz@bernsenlaw.com
420 N. MLK, Jr. Pkwy
Beaumont, Texas 77701
409/212-9994 - Telephone
409/212-9411 – Facsimile

**ATTORNEYS FOR PLAINTIFF**